United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YANNY DANYELY GALVAN PARRA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03538 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

The petitioner, Yanny Danyely Galvan Parra, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her detention. Doc. No. 1.

The petition reflects that Petitioner entered the United States without inspection. Doc. No. 1 at 9. The uncontroverted summary judgment evidence reflects that Petitioner was charged with entering the United States without "a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [Immigration and Nationality Act]." Doc. No. 5-1 at 5. Therefore, Petitioner is an applicant for admission under 8 U.S.C. § 1225(b) subject to mandatory detention. The Fifth Circuit's holdings in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026), and *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL

3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*), foreclose the petitioner's claims for habeas relief on statutory and due process grounds.

Likewise, Petitioner's Fifth Amendment equal protection claim is unavailing because she does not state facts to show that she falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in *Buenrostro-Mendez*. Noncitizens who entered legally with a visa and overstayed are distinct from those who entered illegally without inspection. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) (rejecting equal protection claims regarding continued detention brought by alien juveniles who did not have close relatives to serve as guardians because they were distinct from alien juveniles with close relatives available to serve as guardians and different from American juveniles in delinquency proceedings who were citizens). Petitioner does not show that the government has violated her equal protection rights by treating her differently from those who entered legally and does not otherwise show a valid basis for habeas relief. Therefore, the Court **ORDERS** as follows:

1. The Respondents' motion for summary judgment (Doc. No. 5) is **GRANTED**.
2. This petition (Doc. No. 1) is **DISMISSED**.
3. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED this 10th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE